IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL THORNTON and
TOMEKA THORNTON,

        Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC,

        Defendant.

1:17-cv-3771-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkin III's Order and Final Report and Recommendation [5] ("R&R"). The R&R recommends that Nationstar Mortgage LLC's ("Nationstar") Motion to Dismiss [3] be granted and the Complaint be dismissed for failure to state a claim. Plaintiffs, Samuel Thornton and Tomeka Thornton, failed to respond to Defendant's Motion, and it is deemed unopposed. See LR 7.1B, NDGa. Plaintiffs also did not object to the R&R. The Court finds no plain error in the R&R and adopts the recommendations of the Magistrate Judge.

## I. BACKGROUND

### A. Facts[1]

Plaintiffs filed this lawsuit to enjoin the foreclosure of their residence located in Fulton County, Georgia. [1-1]. Nationstar appears to be the servicer of a loan secured by the residence. The foreclosure sale was scheduled to occur on September 5, 2017.

Plaintiffs allege that Nationstar should be enjoined from "collecting, foreclosing or attempting to collect any mortgage payments, interest, late fees, restricting, [and] modifying [the] mortgage contract in this instant case" because (1) Plaintiffs are making payments in an active Chapter 13 bankruptcy case pending in this district (In re: Samuel Romaro Thornton, Jr., Case No. 15-54031-WLH (Bankr. N.D. Ga.)); (2) Nationstar is not registered to do business in Georgia, even though it regularly conducts business here; (3) Nationstar is not a holder in due course under Article 3 of the UCC; (4) the underlying security deed was not properly assigned to Nationstar, and therefore, Nationstar lacks standing to foreclose on the property; (5) Nationstar violated the "Fair Debt Collections Act"

---

[1] The Court recites facts from the R&R and the record. The parties have not objected to any facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

2

(presumably, a reference to the Fair Debt Collections Practices Act, hereinafter the "FDCPA"); (6) Nationstar violated O.C.G.A. § 44-14-161.2 by conducting foreclosure proceedings "below true market value of the property"; and (7) Nationstar violated O.C.G.A. § 44-14-162.2. [*Id.* at 5-9.] Plaintiffs also seek punitive damages. [Id. at 7.]

B. Procedural History

Plaintiffs filed an action in the Superior Court of Fulton County, Georgia on March 31, 2017. (See Compl. [1-1]). On September 27, 2017, Nationstar filed a Notice of Removal [1] in this Court. On September 28, 2017, Nationstar filed the instant Motion to Dismiss [3]. Plaintiffs did not oppose the Motion to Dismiss. On November 8, 2017, Magistrate Judge Johnson issued a Final R&R. The Final R&R recommends that the Court grant Nationstar's Motion to Dismiss [3]. ([5] at 12). Plaintiffs do not object to the R&R.

II. DISCUSSION

A. Legal Standards

1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams

3

v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    2.    Motion to Dismiss Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

4

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

B.   Analysis

As an initial matter, Plaintiffs did not respond to Nationstar's Motion to Dismiss. Accordingly, dismissal of the complaint is warranted on that ground alone. See LR 7.1B, NDGa (providing that failure to file a response to a party's motion "shall indicate that there is no opposition to the motion."); see also Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998) (per curiam) (action may be dismissed under Local Rule 7.1B when a party fails to respond to a motion to dismiss).

On the merits, the Magistrate Judge addressed numerous arguments made by Nationstar as to why the Plaintiffs' complaint should be dismissed, including: (1)

the complaint is a "shotgun pleading"; (2) the complaint fails to comport with the pleading requirements of Federal Rule of Civil Procedure 8(a); (3) Plaintiffs' wrongful foreclosure claim fails because they failed to tender the amount owed on the loan, no foreclosure has occurred, Nationstar has standing, and Plaintiffs cannot show causation; (4) Plaintiffs' claims for violations of Article 3 of the UCC are meritless; (5) the complaint fails to state a claim for a violation of the FDCPA; (6) Plaintiffs have not shown a substantial likelihood of success on the merits, therefore any request for injunctive relief in inappropriate; and (7) since Plaintiffs' substantive claims fail as a matter of law, Plaintiffs' claim for punitive damages fails as a matter of law. ([5], citing [3-1] at 7-20).

The Magistrate Judge was not convinced that the complaint qualifies as a shotgun pleading because "[t]he flaw in the complaint is not that it alleges too much information in a haphazard fashion; rather, the complaint fails to satisfy the rudimentary pleading requirements of Federal Rules of Civil Procedure 8(1) and 10(b)." ([5] at 5). The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

Construing Plaintiffs' complaint "as leniently as possible in light of their pro se status," the Magistrate Judge found that "the complaint is frivolous and completely devoid of legal merit." ([5] at 6). First, the Magistrate Judge

6

concluded that the automatic stay in the bankruptcy proceeding does not apply because the Bankruptcy Court modified the automatic stay to permit foreclosure on the property at issue in this case. [[5] at 6, citing [3-4] (Bankruptcy Order)].

Second, the Magistrate Judge found that Plaintiffs' allegation that Nationstar is not registered to do business in Georgia, is wrong because the publicly-available records of the Georgia Secretary of State reflect that Nationstar is in fact registered to conduct business in the state of Georgia. *See* https://ecorp.sos.ga.gov/BusinessSearch (entry for Nationstar Mortgage LLC) (last visited December 5, 2017).

Third, the Magistrate Judge found that Plaintiffs' suggestion that Nationstar is not a holder in due course under Article 3 of the UCC fails as a matter of law because a security deed is not a negotiable instrument and is, therefore, not governed by Article 3 of the UCC. ([5] at 7, citing You v. JP Morgan Chase Bank, 293 Ga. 67, 73 (2013) (holding that security deed is not a negotiable instrument and is therefore not governed by Article 3).

Fourth, the Magistrate Judge concluded that Plaintiffs lack standing to challenge assignments of the security deed or servicing of the loan because they "do not allege facts that plausibly suggest that they were parties to any assignment of the security deed or that they were parties to the assignment of the servicing of

7

the loan to Nationstar." ([5] at 8, citing Jurden v. HSBC Mortg. Corp., 330 Ga. App. 179, 180 (2014)).

Fifth, the Magistrate Judge found that Plaintiffs' FDCPA claim fails as a matter of law because Plaintiffs' did not plead facts that allow the court to reasonably infer that either (1) the defendant's principal business purpose is the collection of any debts, or (2) the defendant regularly collects debts owed to another. ([5] at 9, citing *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1314 (11th Cir. 2015).

Sixth, the Magistrate Judge found that "Plaintiffs' contention that Nationstar violated 'O.C.G.A. § 44-14-161.2' by conducting foreclosure proceedings 'below true market value of the property' is clearly without merit as no foreclosure sale had occurred as of the time Plaintiffs filed this action." ([5] at 9-10, citing [1-1 at 5 (alleging that foreclosure sale scheduled for September 5, 2017)).

Seventh, the Magistrate Judge found that Plaintiffs' claim that Nationstar violated O.C.G.A. § 44-14-162.2 fails as a matter of law because Plaintiffs do not explain how Nationstar's conduct violated that statute, which generally provides that a debtor must be given written notice of a non-judicial foreclosure sale at least 30 days prior to the sale. ([5] at 10).

The Magistrate Judge further found that Plaintiffs are not entitled to

8

injunctive relief because they cannot demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; or (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant. ([5] at 11, citing Schiavo ex rel. Schindler v. Schaivo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)). Accordingly, the Magistrate Judge recommends that Plaintiffs' request for an injunction be denied.

Finally, the Magistrate Judge found that Plaintiffs' claim for punitive damages fails as a matter of law because none of the underlying claims has any merit. ([5] at 11, citing Franklin Credit Mgmt. Corp. v. Friedenberg, 275 Ga. App. 236, 242 (2005) (stating that a claim for punitive damages is not an independent cause of action).

For the reasons set forth above, the Magistrate Judge recommends the Court grant Nationstar's Motion to Dismiss [3]. The Court finds no plain error in these findings and recommendations and Plaintiffs' claims are dismissed without prejudice. See Slay, 714 F.2d at 1095.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Non-Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Nationstar Mortgage LLC's Motion to Dismiss [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Nationstar Mortgage LLC are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 5th day of December 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE